99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dayton H. CALLOWAY, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 96-3389.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1996.
 
 Before: BOGGS, NORRIS, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 Dayton H. Calloway, a pro se Ohio resident, appeals a district court judgment affirming the Commissioner's decision directing him to pay the government an overpayment in social security retirement benefits of $4,262. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Calloway filed an application for retirement insurance benefits on May 2, 1985, which was subsequently granted. In 1990, Calloway was temporarily employed earning in excess of $23,000. This amount exceeded the allowable limit of $9,360 which a retiree could earn prior to the reduction of his retirement benefits.
 
 
 3
 In October 1991, Calloway obtained notice of an overpayment. He subsequently requested a waiver, which was denied. A hearing was held before an administrative law judge (ALJ) who denied Calloway's request for a waiver, finding that Calloway was not without fault in causing the overpayment. The Appeals Council granted Calloway's request for review. The Appeals Council modified the ALJ's decision and denied waiver of the overpayment.
 
 
 4
 Calloway then sought judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court granted judgment for the Commissioner. Calloway then filed a timely appeal.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Recovery of an overpayment can be waived when the recipient is without fault and when recovery would either defeat the purpose of the Social Security Act or would be against equity and good conscience. Watson v. Sullivan, 940 F.2d 168, 171 (6th Cir.1991) (per curiam). It is the claimant's burden to establish that he was without fault before the overpayment can be considered waived. Id.
 
 
 7
 Calloway has not satisfied his burden. Whether or not Calloway considered himself an independent contractor is irrelevant to the fact that his earnings far exceeded the amount allowable in 1990 before his benefits were subject to a reduction. Therefore, Calloway's overpayment is not subject to a waiver. Id.
 
 
 8
 As for Calloway's remaining arguments concerning the evidence in the record, we conclude that these arguments are without merit. See 42 U.S.C. § 405(b)(1); 20 C.F.R. § 404.950(c).
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation